UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THE INDEPENDENCE PROJECT, INC., a )
New Jersey Non-Profit Corporation, and )
JOHN MEGGS, Individually, )
  )
   Plaintiffs, )
  )  Case No. 4:17cv2767 ERW
vs. )
  )
DIERBERGS FOUR SEASONS, a Domestic )
For Profit Corporation )
  )
   Defendant. )
_____ )

## **AMENDED COMPLAINT**

  Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation,

and JOHN MEGGS, Individually, on their behalf and on behalf of all other mobility impaired

individuals similarly situated ("Plaintiff" or "Plaintiffs"), hereby sue the Defendant, DIERBERG'S

FOUR SEASONS, INC., a Domestic For Profit Corporation ("Defendant"), for injunctive Relief,

damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities

Act, 42 U.S.C. §12181 *et seq.*

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

2.      Venue is properly located in this Court; Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §1391(b) and E.D. Mo. L.R. 3 - 2.07.  Venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

3.      All events giving rise to this lawsuit occurred in the Eastern District of Missouri, within the boundaries of Saint Louis County, Missouri.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*  See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff, JOHN MEGGS, is an individual residing at 1128 Maynard Drive, Duarte, California, 91010, in the County of Los Angeles.

6.      Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under the laws of the State of New Jersey.  THE INDEPENDENCE PROJECT, INC. maintains is principal office at 1002 Central Ave, New Providence, New Jersey 07947, in the County of Union.

7.      Defendant, DIERBERGS FOUR SEASONS, INC., holds title to subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

8.      Defendant's property, also known as Four Seasons Shopping Center ("Four Seasons"), is located at 8 Four Seasons Shopping Center, 100 Four Seasons Shopping Center, and 176 Four Seasons Shopping Center, Chesterfield, Missouri 63026.

2

9.      Plaintiff, JOHN MEGGS is a California resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Meggs is a paraplegic as the result of a spinal cord injury and requires a wheelchair for mobility at all times.

10.     Plaintiff regularly visits the St. Louis area to conduct business; Mr. Meggs is a dee-jay, internet radio host, podcast host and talent scout.  Mr. Meggs visits the St. Louis area to promote these business endeavors and to search for new musical talent.  Plaintiff' presently has two future visits to the St. Louis area planned; for the first weeks of both June and July 2018.  Upon his return home from the St. Louis area, Plaintiff travels across Missouri to the Kansas City area by public transportation (by either bus or rail) to visit his family members.

11.     Plaintiff operates a business incorporated in the State of Missouri with its registered business address and his business partners' home address both being 2236 Renault Drive, Apartment C, St. Louis, Missouri 63146 which is approximately four (4) miles from the subject property.

12.     Plaintiff has visited the subject property that forms the basis of this lawsuit on several occasions with his most recent visit occurring in October of 2017.  Mr. Meggs plans to return to the subject property upon his return to the area to avail himself of the goods and services offered to the public at the property.

13.     Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.  The plaintiff is also a member of the plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 14, and acts as a tester on their behalf to ensure the compliance of public accommodations under the Americans with Disabilities Act.

14.     Plaintiff, THE INDEPENDENCE PROJECT, INC. is a nonprofit New Jersey corporation.  Members of this organization include individuals, residing across the United States,

with disabilities as defined by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by, the disabled and that its members are not discriminated against because of their disabilities.

16.    THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant has been compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against due to its association with its disabled members and their claims.

16.    Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Four Seasons Center East and West, and is located at 8 Four Seasons Shopping Center, 100 Four Seasons Shopping and 176 Four Seasons Shopping Center, St. Louis, Missouri 63044, in the County of Saint Louis.

17.    THE INDEPENDENCE PROJECT, INC. and JOHN MEGGS have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 18 of this complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. JOHN MEGGS desires to visit Four Seasons Shopping Center, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and

others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

18.    The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property, as prohibited by 42 U.S.C. § 12182 *et seq*.

19.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of subject property, Four Seasons Shopping Center has shown that violations exist.  These are violations that JOHN MEGGS personally encountered including but not limited to the following:

**Parking and Exterior Accessible Route**

a.   Parking spaces adjacent to Viviano's Italiano, The UPS Store, Mongolian BBQ, the Offices for Four Seasons, and others lack adequate access aisles and fail to provide accessible routes to the tenant entrances they serve. Identification signs for accessible spaces are improperly located and/or obstructed by parked vehicles violating Sections 4.3 and 4.6 of the 1991 American with Disabilities Act Accessibility Guidelines ("ADAAG") and Sections 402, 502 and 502.4 of the 2010 ADA Standards.  These conditions, during several visits, prevented Mr. Meggs from unloading from his vehicle freely and safely.  On certain occasions, Mr. Meggs would park away from the accessible parking at Four Seasons Shopping Center so he could access the property and its tenants safely.

b.   Parking spaces throughout Four Seasons Center are not maintained; contain abrupt changes of level and lack adequate access aisles in some locations, violating Section 4.6 of the ADAAG and

Sections 502 and 502.4 of the 2010 ADA Standards.  Abrupt changes of level are a tipping hazard and could damage Mr. Meggs' wheelchair and a lack of access aisles prevents the plaintiff from unloading from his vehicle freely and safely.  On certain occasions, due to these conditions, Mr. Meggs would park away from the accessible parking at Four Seasons Shopping Center so he could access the property and its tenants safely.

c.  Curb ramps provided to access stores at Four Seasons Shopping Center are unsafe for wheelchair users and are not provided in some areas of the center. Several curb ramps contain cross slopes, abrupt changes of level or adjoin excessive slopes, violating ADAAG Sections 4.3 and 4.7 and Sections 402 and 406 of the 2010 ADA Standards.  Mr. Meggs uses a manual wheelchair, so he is severely impeded by improper curb ramps.  The preceding conditions make curb ramps extremely dangerous for Mr. Meggs.

d.  The exterior accessible route from parking spaces at Four Seasons Center fails to provide a safe accessible route to ramps or curb ramps, violating ADAAG Section 4.3 and Section 402 of the 2010 ADA Standards.  Mr. Meggs was forced to travel around these obstacles and through the traffic area of the center to get to the curb ramp.

e.  Four Seasons Center fails to provide a safe accessible route to the adjacent street/sidewalk/bus stop, violating ADAAG Section 4.3 and Section 206.2.1 of the 2010 ADA Standards.  The lack of a safe, accessible route renders impossible, the option of using public transportation for Mr. Meggs.

**Access to Goods and Services**

f.  Mongolian Buffet, Talayna's Pizza and Viviano's fail to provide accessible dining tables for those in wheelchairs, violating ADAAG Section 5 and Section 902 of the 2010 ADA Standards.  Mr. Meggs was unable to dine comfortably due to a lack of accessible tables.

6

g.   Payment counters throughout Four Seasons Shopping Center, including those at Dierberg's, are mounted beyond the reach of Mr. Meggs, violating ADAAG Section 7 and Section 904 of the 2010 ADA Standards.

h.   When entering tenant stores and restaurants throughout Four Seasons Shopping Center Mr. Meggs is impeded by abrupt changes of level and/or slopes at the base, violating ADAAG Section 4.13 and Section 404 of the 2010 ADA Standards.  Mr. Meggs's manual wheelchair can be damaged by these abrupt changes of level and could also cause him to tip or roll over.

**Restrooms**

i.   Restrooms at Four Seasons Shopping Center including Mongolian Buffet, Talayna's Pizza, The Barber Shop, Salon/Spa, Dierberg's and Viviano's were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Meggs was unable to use the restrooms safely due to a lack of accessibility.  Including, inaccessible water closets which lack proper controls and wheelchair maneuvering space violating ADAAG 4.22 and Section 601 of the 2010 ADA Standards.

j.   Mr. Meggs was unable to use the dispensers at Mongolian Buffet, Talayna's Pizza and Viviano's.  These restrooms at Four Seasons Shopping Center provide dispensers which are beyond the reach of wheelchair users and are inaccessible to the plaintiff, violating ADAAG Section 4.2 and Section 308 of the 2010 ADA Standards.

k.   Lavatories located at Dierberg's, Mongolian Buffet, Talayna's Pizza and Viviano's lack the proper knee clearance and accessibility which prevented the Plaintiff from freely accessing the lavatory. Lavatory mirrors mounted above the allowable limit preventing use by Mr. Meggs, the preceding conditions are in violation of ADAAG Section 4.19 and Sections 603.3 and 606 the 2010 ADA Standards.

l.   Restrooms for Mongolian Buffet, Talayna's Pizza and Viviano's Italiano contain water

closets with improper centerlines and grab bars. The flush controls are mounted on the wall side and transfer space is not provided, violating ADAAG Section 4.16 and 4.17 as well as Section 604 of the 2010 ADA Standards.  Mr. Meggs was unable to transfer and/or access flush controls while in the restrooms due to these conditions.

m.  Using restrooms doors at Mongolian Buffet, Talayna's Pizza and Viviano's in Four Seasons Center is impeded by round door knobs, improper signage and a lack of maneuvering clearance, violating ADAAG Section 4.13 and Section 404 of the 2010 ADA Standards.  Round door knobs impede Mr. Meggs from easily accessing doors, levered door handles are required.

20.    All of the foregoing violations are violations of the 1991 American with Disabilities Act Accessibility Guidelines and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

21.    The discriminatory violations described in paragraph 19 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

22.    The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

8

23.     Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.*  Furthermore, the Defendant continues to discriminate against the individual Plaintiff, the members of the plaintiff group and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

25.     Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs,

28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

27.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

28.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' request for Injunctive Relief, including an order to require the Defendant to alter the subject property to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated: _____January 8, 2017_____          _____/s/ Jon G Shadinger Jr._____
                                          Jon G. Shadinger Jr., Esq.
                                          Federal Bar No. 70443MO
                                          Shadinger Law, LLC.
                                          100 S 4th Street
                                          Suite 550
                                          St. Louis, MO 63102
                                          Tel. (314) 279-7416
                                          js@shadingerlaw.com

                                          Attorney for Plaintiffs John Meggs and The
                                          Independence Project, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of January, 2018, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

_____/s/ Jon G Shadinger Jr._____
                        Jon G. Shadinger Jr.

11