UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE INDEPENDENCE PROJECT INC., et al., | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) No. 4:17CV02767 ERW ) |
| DIERBERGS FOUR SEASONS, INC., | ) ) ) |
| Defendant(s). | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Dierbergs Four Seasons' Rule 12(b)(1) Motion to Dismiss Plaintiffs' Amended Complaint [11].

## I. BACKGROUND

On November 27, 2017, Plaintiffs The Independence Project, Incorporated and John Meggs ("Plaintiffs") filed a complaint in this Court alleging Defendant Dierberg's Four Seasons, Incorporated ("Defendant"), violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, by failing to have accessible facilities. Plaintiffs filed an amended complaint on January 8, 2018. Defendant filed this Motion to Dismiss asserting Plaintiffs do not have standing to bring suit because they cannot establish an injury-in-fact.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires the district court dismiss an action when there is no subject matter jurisdiction. *Cook v. ACS State & Local Sols.*, *Inc.*, 756 F.Supp.2d 1104, 1106 (W.D. Mo. 2010), *aff'd,* 663 F.3d 989 (8th Cir. 2011). "Federal jurisdiction is limited by Article III of the Constitution to cases or controversies; if a plaintiff

lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). Dismissal for lack of subject matter jurisdiction requires the complaint be successfully challenged on the factual truthfulness of its averments or on its face. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In the case of a facial challenge, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* (citation omitted). Conversely, in a 12(b)(1) motion challenging facts, the trial court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). On factual challenges to subject matter jurisdiction, the plaintiffs are not afforded the protections of Rule 12(b)(6). *Id.* at 730.

"To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quotation marks and citation omitted). When determining whether to dismiss "a complaint for lack of standing," a court is to "constru[e] the allegations of the complaint, and the reasonable inferences drawn therefrom, most favorably to the plaintiff." *Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 880 (8th Cir. 2015)(quotation marks and citations omitted).

## III. DISCUSSION

In its Motion, Defendant asserts Plaintiffs lack standing to bring their claims under the ADA because they have not shown the likelihood of a future injury. Defendant argues Plaintiffs are located 1800 miles and 950 miles from Defendant's property, Meggs incorporated his

business in Missouri only one month before filing this suit, and Meggs lacks definitiveness in his intent to return to Defendant's shopping center. In response, Plaintiffs claim they have the requisite standing, because, in his complaint, Meggs stated he visited the property and he included dates he intends to specifically return. Further, Plaintiffs argue Meggs status as a tester for the Independence Project does not preclude him from establishing standing. Defendant is only challenging standing in regards to the injury-in-fact component; thus, the Court will focus only on this requirement and not the two remaining standing requirements.

The ADA prohibits discrimination on the basis of disability in places of public accommodation. 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Any person who is being subjected to discrimination on the basis of disability" may bring a private right of action for injunctive relief. 42 U.S.C. § 12188(1).

In an ADA case, the injury-in-fact requirement of standing focuses on the plaintiff's "knowledge of the barriers and that they would visit the building in the imminent future but for those barriers." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). "An injury-in-fact is a harm that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). When determining if a plaintiff has established a likelihood of future injury, district courts in the Eighth Circuit have focused on "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant." *Steelman v. Rib Crib No. 18*, 2012 WL 4026686 at *2 (W.D. Mo. Sep. 12, 2012) (quoting *Brown v.*

*Grandmother's Inc.*, No. 4:09CV3088, 2010 WL 611002 at *6 (D. Neb. Feb. 17, 2010)).

Defendant states Plaintiffs cannot establish a likelihood of future injury, because (1) Meggs lives approximately 1,800 miles away and the Independence Project is located approximately 950 miles away; (2) Meggs' reason for visiting St. Louis is his business, J-Loop Entertainment, LLC, which was formed approximately one-month before filing the complaint; (3) there is no contact information listed to book his company for an event or a description of the business of J-Loop Entertainment; (4) Plaintiffs' have extensive litigation histories across the country and in this district; (5) Meggs has not stated definitive plans to return to St. Louis; and (6) Meggs does not indicate how often he travels to St. Louis to conduct business. Defendant asserts Plaintiffs are "serial Plaintiffs without concrete intentions to return to Defendant's property in the future."

In support of its argument, Defendant relies primarily on *Steelman*, 2012 WL 4026686. In *Steelman*, the plaintiff lived in Florida part of the year and Salem, Missouri part of the year. *Id*. at 3. The defendants' properties were located in Springfield, Missouri, and Branson, Missouri. *Id*. The plaintiff's complaint stated she visited each of the defendants' businesses but did not indicate when she visited, why she visited, or how many times she visited. *Id*. Additionally, the only evidence indicating she had been to any of the businesses was a single receipt for a single business. *Id*. The plaintiff also included allegations that were false, such as stating a certain location was a hotel with a pool when, in fact, it was neither. *Id*. Finally, the plaintiff alleged she planned to return to the properties but did not include any specific information. *Id*. at 4. Based on these facts, the Western District of Missouri concluded "Plaintiff has filed 67 ADA lawsuits in Florida and Missouri, has been inconsistent in her allegations regarding residence, and has not set forth sufficient arguments to persuade the Court that she does have standing to pursue relief."

*Id*.

In contrast, Plaintiff Meggs has alleged he intends to visit St. Louis again the first weeks of June and July 2018, he visited the property, most recently in October 2017, and his business partner lives four miles from the property (he has included his partner's exact address). Further, in the affidavit he submitted to the Court, he explained why he visited Defendant's property (to get dinner and to purchase some items at Dierberg's Market). These statements supply specific facts, distinguishing the issues that concerned the Western District of Missouri in *Steelman*. Additionally, in *Steelman*, plaintiff included blatantly false allegations, which has not been shown to have occurred here.

Although Defendant asserts the Court should view Plaintiffs' allegations suspiciously because of Meggs' status as a tester for the Independence Project, the Eighth Circuit has determined tester cases are allowed to proceed and do not prevent standing from being established. *See Shaver v. Ind. Stave Co.*, 350 F.3d 716, 724-25 (8th Cir. 2013). For the reasons stated above, the Court finds Plaintiffs have established a concrete, particularized, actual injury to satisfy the requirements of Article III standing.[1] The Court will deny Defendant's Motion to Dismiss.

---

[1] The Court notes it is required to construe the allegations of the complaint, and the reasonable inferences drawn therefrom, most favorably to the plaintiff. *See Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 880 (8th Cir. 2015). Standing is jurisdictional and can be raised at any time during a case; therefore, if Plaintiffs were not to visit the subject property in the future, as alleged, the issue of standing may again arise. *See Pucket v. Hot Springs Sch. Dist. No. 23-2*, 526 F.3d 1151, 1156 (8th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dierbergs Four Seasons' Rule 12(b)(1) Motion to Dismiss Plaintiffs' Amended Complaint [11] is **DENIED**.

Dated this 27th Day of February, 2018.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE